# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEROME X. WALLACE | : | |
| Plaintiff | : | |
| v | : | Civil Action No. WMN-06-3358 |
| WARDEN | : | |
| Defendant | : | |

o0o

## MEMORANDUM

Pursuant to this court's order of December 29, 2006, Plaintiff has filed an amended complaint as well as a Motion to Proceed In Forma Pauperis. Plaintiff's Motion to Proceed In Forma Pauperis shall be granted. For the reasons set forth below, the Complaint must be dismissed.

Plaintiff alleges that his access to courts has been unlawfully hindered by a prison policy regarding copies of documents. Paper No. 1. In his amended Complaint he explains that the policy requires copy requests to be submitted to case management staff who have been unresponsive to his previous requests. Paper No. 3. He claims that the failure to provide him with requested copies has hindered his ability to re-file a complaint that was dismissed without prejudice by this court.[1] *See Wallace v. Warden*, Civil Action No. WMN-06-184 (D. Md. 2006). In addition to his amended complaint, which is written on forms provided by this court, Plaintiff includes more than 20 pages of copies of letters and memoranda regarding his previously dismissed complaint and his current dispute regarding the copy procedure. Paper No. 3.

---

[1] The complaint was dismissed without prejudice due to Plaintiff's inability to demonstrate exhaustion of administrative remedies. *See Wallace v. Warden*, Civil Action No. WMN-06-184 (D. Md. 2006). Currently pending in that case is correspondence from Plaintiff requesting that the case be re-opened. *Id.* at Paper No. 43.

Prisoners have a constitutionally protected right of access to the courts. *Bounds v. Smith*, 430 U. S. 817, 821 (1977). However:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997), *quoting Lewis*, 518 U.S. at 355. "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349.

There is no constitutional requirement that prison officials provide inmates with unfettered access to a photocopier. In light of the fact that this court accepts hand-written duplicates of pleadings and Plaintiff has already filed a request to re-open the previously dismissed case, there has been no actual injury caused by the prison policy in question.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal–

2

(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The instant case fails to state a claim on which relief may be granted and must be dismissed.

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case will be the first filed by Plaintiff dismissed under this standard. A separate order follows.

/s/

  2/16/07
Date

William M. Nickerson
Senior United States District Judge